IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PAMELLA CYPRESS, *

Plaintiff, *

v. * CIVIL NO.: WDQ-11-3014

KONDAUR CAPITAL CORP., *

Defendant. *

* * * * * * * * * * * * *

MEMORANDUM OPINION

Pamella Cypress, *pro se*, sued Kondaur Capital Corporation ("Kondaur") for fraud and other claims. For the following reasons, the Court will grant Kondaur's motion to dismiss.

I. Background[1]

Kondaur is the successor to Nations Home Mortgage Corporation ("Nations"). Compl. ¶ 20.

In spring 2006, Cypress applied to Nations for a refinance mortgage loan. Compl. ¶ 18. On April 19, 2006, Nations provided Cypress a Truth in Lending disclosure statement,[2] which provided that the loan principal would be $136,000 and the

[1] For Kondaur's motion to dismiss, the well-pled allegations in Cypress's complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

[2] The Truth in Lending Act requires "meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to [her] and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).

initial interest rate would be 9.5 percent. Compl. ¶ 21. Closing was scheduled for June 28, 2006. Compl. ¶ 22.

Hours before the closing, Nations provided Cypress a second Truth in Lending disclosure statement, which provided that the loan principal would be $122,196.68 and the interest rate would be 10.39 percent. Compl. ¶ 23. At the closing, Cypress executed a promissory note and security agreement in favor of Nations. Compl. ¶ 28.

On October 21, 2011, Cypress sued Kondaur, alleging fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, and violations of the Home Ownership Equity Protection Act (the "HOEPA"),[3] the Real Estate Settlement Procedures Act (the "RESPA"),[4] the Truth in Lending Act (the "TILA"),[5] the Fair Credit Reporting Act (the "FCRA"),[6] and the Maryland Consumer Protection Act (the "MCPA").[7] Cypress attached to the complaint copies of the promissory note, deed of trust, and June 28, 2006 Truth in Lending disclosure statement,

---

[3] 15 U.S.C. §§ 1639, *et seq.*

[4] 12 U.S.C. §§ 2601, *et seq.*

[5] 15 U.S.C. §§ 1601, *et seq.*

[6] 15 U.S.C. §§ 1681, *et seq.*

[7] Md.Code Ann., Com. Law §§ 13-301 *et seq.* This statute is also referred to as the Maryland Unfair and Deceptive Trade Practices Act. *See, e.g., Sheahy v. Primus Auto. Fin. Servs., Inc.*, 284 F. Supp. 2d 278, 278 (D. Md. 2003).

which stated that Nations was the lender. Compl., Ex. A at 1, Ex. B at 2, Ex. C-2 at 1.

On November 28, 2011, Kondaur moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and 9(b). ECF No. 4. On December 13, 2011, Cypress opposed the motion. ECF No. 6. On December 28, 2011, Kondaur filed a reply. ECF No. 7.

II. Analysis

A. Standard of Review

1. Rule 12(b)(6)

Under Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[ ] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

2. Rule 9(b)

Rule 9(b) requires that "the circumstances constituting fraud be stated with particularity." The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Kerby v. Mortg. Funding Corp.*, 992 F. Supp. 787, 799 (D. Md. 1998). To satisfy the rule, a plaintiff must "identify with some precision the date, place, and time of active misrepresentations or the circumstances of active concealments, specifying which Defendant . . . is supposedly responsible for

those statements or omissions." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007).

The Court "should hesitate to dismiss a complaint under Rule 9(b) if [it] is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F. 3d 776, 784 (4th Cir. 1999).

B. Kondaur's Motion to Dismiss

Kondaur argues that many of Cypress's claims are time-barred, others fail to state a cause of action, and her fraud and MCPA claims lack the particularity required by Rule 9(b). *See* ECF No. 4.

1. Cypress's HOEPA, RESPA, and TILA Claims Are Time-Barred

Kondaur argues that Cypress's claims under the HOEPA, the RESPA, and the TILA are time-barred. Mem. in Supp. of Mot. to Dismiss 3-5.

Cypress counters that Kondaur "would be correct if Nations . . . was the lender," but "there is no proof" of that. ECF No. 6 at 2. She contends that the "negotiable instrument that is the subject of this lawsuit was never consummated" because Nations was "posing as the lender" and "standing in the middle

of the plaintiff and the true lender," which "has never been identified in any stage of the loan process." *Id.* at 3.

An action for damages under the TILA, the HOEPA, or the RESPA must be brought within one year of the alleged violation. *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. An action for rescission under the TILA or the HOEPA must be brought within three years. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23. The limitations period begins on the date of the loan transaction.[8]

Cypress's claims are late. The promissory note, deed of trust, and June 28, 2006 Truth in Lending disclosure statement belie Cypress's assertion that Nations was not the "true lender."[9] The loan transaction occurred on June 28, 2006. Compl. ¶¶ 22, 28. Cypress did not sue until October 21, 2011 -- more than three years later. Because she sued beyond the one-year and three-year limitations periods for the TILA, the HOEPA, and the RESPA, the Court will dismiss Counts I, II, and III as time-barred.

---

[8] *See Hood v. Aurora Loan Servs.*, Case No. CCB-10-11, 2010 WL 2696755, at *2 (D. Md. July 6, 2010) (HOEPA violation occurs no later than the date the plaintiff enters the loan agreement); *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 485 (D. Md. 2009) (RESPA claim accrued on date of loan settlement); *Davis v. Edgemere Fin. Co.*, 523 F. Supp. 1121, 1123 (D. Md. 1981) (TILA's "one-year limitations period begins to run from the date the loan agreement is entered into").

[9] *See* Compl., Ex. A at 1, Ex. B at 2, Ex. C-2 at 1. When the allegations in a complaint conflict with attached documents, the exhibits are accepted as true. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

2. Cypress Has Abandoned Her Other Claims

Kondaur argues that Cypress has failed to state a claim under the FCRA, her state law claims are time-barred, the MCPA and fraud claims do not meet the particularity requirements of Rule 9(b), breach of fiduciary duty is not a cause of action, the existence of a contract bars Cypress's unjust enrichment claim, and her civil conspiracy claim cannot survive because she had not properly pled an independent tort. *See* Mem. in Supp. of Mot. to Dismiss 4-6. Because Cypress does not address these arguments in her opposition, she has abandoned these claims.[10] Accordingly, the Court will dismiss Counts IV through IX.

III. Conclusion

For the reasons stated above, the Court will grant Kondaru's motion to dismiss.

4/27/12
Date

William D. Quarles, Jr.
United States District Judge

[10] *See Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (plaintiff abandoned her claim by failing to respond to the defendant's argument that it should be dismissed).